Filed 12/2/13  Moore v. ReconTrust Co. CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| BETSY E. MOORE, AS TRUSTEE, ETC., <br><br> Plaintiff and Appellant, <br><br> v. <br><br> RECONTRUST COMPANY N.A. et al., <br><br> Defendants and Respondents. | D062845 <br><br><br> (Super. Ct. No. 37-2011-00053009-CU-BC-NC) |

APPEAL from a judgment of the Superior Court of San Diego County, Timothy M. Casserly, Judge.  Affirmed.

Leon E. Campbell for Plaintiff and Appellant.

Bryan Cave, Sean D. Muntz and David J. Joerger for Defendants and Respondents.

Betsy E. Moore (Betsy Moore), trustee under the Betsy Elizabeth Moore Trust, appeals a judgment dismissing her amended complaint against ReconTrust Company, N.A. (ReconTrust) (erroneously sued as Reconstruct Company, RA) and Bank of

America, N.A. (successor by merger to BAC Home Loans Servicing, LP, erroneously sued as BAC Home Loans Servicing, LP) (collectively defendants) after the trial court sustained defendants' demurrer without leave to amend. Betsy Moore contends: (1) the court erred in sustaining the demurrer because, she argues, the amended complaint states a cause of action for a declaratory judgment; and (2) the court abused its discretion in sustaining the demurrer without leave to amend. We disagree. The court did not err in sustaining the unopposed demurrer without leave to amend because the requests for declaratory judgment regarding the formation of the deed of trust are barred by the statute of limitations and because the deed of trust is enforceable by its terms. Betsy Moore has not met her burden of showing the defects in the complaint can be cured. Therefore, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In reviewing an order sustaining a demurrer, "[w]e treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed. [Citation.]" (*Serrano v. Priest* (1971) 5 Cal.3d 584, 591.) Accordingly, we derive the facts from the operative complaint and the judicially noticed material.

Kevin Charles Moore borrowed $640,000 and signed a deed of trust in August 2005 securing his repayment obligations with property in Escondido, California. The deed of trust identified Chicago Title as the original trustee and Mortgage Electronic Registration Systems, Inc. (MERS) as the beneficiary acting as the nominee for the lender and the lender's successors and assigns.

2

MERS substituted ReconTrust as the new trustee. Thereafter, in January 2007, ReconTrust recorded notice that Mr. Moore had defaulted on the loan. He was behind in his payments by more than $10,000 and owed more than $690,000. Thus, the beneficiary elected to sell the property to satisfy the loan obligations and scheduled a public sale. The sale apparently did not occur because, several years later, ReconTrust recorded another notice of trustee's sale indicating Mr. Moore now owed more than $850,000.

The Kevin Charles Moore Trust, allegedly a revocable living trust represented by Betsy Moore as trustee, filed a complaint on March 30, 2011, against Countrywide Home Loans, BAC Home Loans Servicing LP, ReconTrust, MERS and Bank of America asserting causes of action for breach of contract, fraud, breach of covenant of good faith and fair dealing and requesting "specific performance" to prevent a sale of the property scheduled for April 2011. The defendants filed a demurrer to the original complaint.

Before the initial demurrer was heard, Betsy Moore, as the trustee of the Betsy Elizabeth Moore Trust, filed an amended complaint under Code of Civil Procedure section 472. (All statutory references are to the Code of Civil Procedure unless otherwise specified.) The amended complaint asserted only one cause of action for declaratory judgment against "[ReconTrust] Company, RA" and "BAC Home Loans Servicing, LP." The amended complaint did not name either Mr. Moore or his trust as a plaintiff. Betsy Moore alleged she is "the successor in title to the real property hereinafter described from Kevin Charles Moore."

The amended complaint alleged Mr. Moore executed a deed of trust as a single man and that, upon information and belief, Mr. Moore lacked sufficient mental capacity

3

at the time of execution to know the nature and legal effect of the deed of trust and that he did not read or write. Betsy Moore alleged a dispute exists between "plaintiff and defendants" and sought a declaratory judgment declaring "the respective rights of the parties under said deed of trust" based upon the following: "(A) Plaintiff contends that said deed of trust is of no legal effect because of said mental incapacity of Kevin Charles Moore at the time he executed the deed of trust[;] (B) Plaintiff contends that said deed of trust is not enforceable since defendant BAC Home Loan[s] Servicing, LP was not qualified to do business in California at the time of the execution of the said deed of trust, or alternatively, is not qualified to enforce said deed of trust because it is no longer qualified to do business in California[; and] (C) Plaintiff contends that said deed of trust is subject to rescission based on intentional or negligent misrepresentation of material facts, or concealment thereof, at the time Kevin Charles Moore executed said deed of trust."

Defendants filed a demurrer to the amended complaint. Defendants argued the amended complaint does not state a cause of action for declaratory judgment because: (1) the agreement is enforceable despite claimed illiteracy or incapacity; (2) the agreement is enforceable because the deed of trust provides for the right of successor entities to foreclose; and (3) any claim for rescission based upon misrepresentation is barred by the statute of limitations and does not state a claim. Defendants also argued plaintiff lacks standing to challenge the pending foreclosure sale because she did not tender the amount owing on the loan. Defendants asked the court to deny leave to amend.

4

Counsel for Betsy Moore chose not to oppose the demurrer believing the amended complaint sufficiently stated a cause of action for declaratory relief. Instead, after reviewing an adverse tentative ruling, counsel attempted to file a second amended complaint in which he corrected only the spelling of party names. Plaintiff's counsel submitted the second amended complaint to the clerk's office on the morning of the demurrer hearing. He did not appear at the hearing because he believed the hearing should be taken off calendar.

The hearing went forward and the trial court sustained the unopposed demurrer without leave to amend. The clerk of the court returned the second amended complaint unfiled because leave of court was necessary.

Betsy Moore's counsel moved to vacate the order sustaining the demurrer and sought leave to file a second amended complaint under section 473. In a declaration, Betsy Moore's counsel argued that he thought section 472 provided a right to amend a complaint once as a matter of course before an answer or demurrer is filed and another opportunity to amend again after a demurrer is filed, but before trial of the issue of law. Defendants opposed the motion to vacate arguing that counsel had not demonstrated excusable neglect under section 473 because section 472 allows only one opportunity to amend a complaint as a matter of right before leave of court is necessary. The court denied the motion to vacate and entered a judgment of dismissal with prejudice.

Betsy Moore moved for new trial. Because the hearing on the motion for new trial was set more than 60 days after service of notice of entry of judgment, the court had no power to grant a new trial under section 660.

DISCUSSION

I

*Standard of Review*

"On appeal from a judgment after a demurrer is sustained without leave to amend, we review the trial court's ruling de novo, exercising our independent judgment on whether the complaint states [facts sufficient to constitute] a cause of action." (*Lincoln Property Co., N.C., Inc. v. Travelers Indemnity Co.* (2006) 137 Cal.App.4th 905, 911.) " ' "[W]e may affirm a trial court judgment on any basis presented by the record whether or not relied upon by the trial court." ' " (*Maystruk v. Infinity Ins. Co.* (2009) 175 Cal.App.4th 881, 887.)

We will reverse an order denying leave to amend for abuse of discretion only if there is a reasonable possibility that the pleading can be cured by amendment. (*Campbell v. Regents of University of California* (2005) 35 Cal.4th 311, 320.) " 'The burden of proving such reasonable possibility is squarely on the plaintiff.' " (*Maxton v. Western States Metals* (2012) 203 Cal.App.4th 81, 95 (*Maxton*).)

II

*The Amended Complaint Does Not State a Cause of Action for Declaratory Relief*

Declaratory relief is available to "[a]ny person interested under a written instrument . . . who desires a declaration of his or her rights or duties with respect to another, or in respect to, in, over or upon property . . . in cases of actual controversy relating to the legal rights and duties of the respective parties . . . ." (§ 1060; *Maguire v. Hibernia S. & L. Soc.* (1944) 23 Cal.2d 719, 728 ["[a] complaint for declaratory relief is

6

legally sufficient if it sets forth facts showing the existence of an actual controversy relating to the legal rights and duties of the respective parties under a written instrument and requests that these rights and duties be adjudged by the court"] (*Maguire*).)

Once the court determines an "actual controversy" exists (*Maguire, supra,* 23 Cal.2d at p. 728), the trial court has discretion under section 1061 to refuse to make a declaration of rights and duties "including a determination of any question of construction or validity arising under a written instrument or contract, 'where its declaration or determination is not necessary or proper at the time under all the circumstances.' " (*Maguire,* at p. 730.) The decision to refuse to entertain a complaint for declaratory relief is reviewed on appeal for abuse of discretion. (*Orloff v. Metropolitan Trust Co.* (1941) 17 Cal.2d 484, 485.)

## A

We note at the outset that neither party explains how Betsy Moore or the Betsy Elizabeth Moore Trust, as "successor in title to the real property," has an interest in or rights under the deed of trust executed by Kevin Charles Moore. However, given our decision herein, there is no reasonable possibility an amendment could cure the defects in the amended complaint. (*Campbell v. Regents of University of California, supra,* 35 Cal.4th at p. 320; *Fladeboe v. American Isuzu Motors Inc.,* (2007) 150 Cal.App.4th 42, 55-56 [dismissal of declaratory relief action proper when plaintiffs cannot prevail on the merits even if standing can be established].)

7

B

Betsy Moore requests declaratory judgment contending that the deed of trust has no legal effect because Mr. Moore had a "mental incapacity" at the time he executed the deed of trust. However, the amended complaint does not allege that Mr. Moore was entirely without understanding when he executed the deed of trust, which is what is required under Civil Code section 38 to render a contract void and unenforceable. (*More v. Calkins* (1890) 85 Cal. 177, 190 [a complaint alleging mental incapacity of a grantor must allege the plaintiff was " 'entirely without understanding' " to be void].) Here, Betsy Moore alleged that Mr. Moore "lacked *sufficient* mental capacity to know the nature and legal effect of said deed of trust. *At that time Kevin [Charles] Moore could not read or write*." (Italics added.) Read as a whole, the amended complaint asserts that Mr. Moore did not sufficiently understand the deed of trust either because he could not read or write or because he was of unsound mind. (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126 [" '[W]e give the complaint a reasonable interpretation, reading it as a whole and its parts in their context.' "].) This interpretation is supported by Betsy Moore's opening brief wherein she claims the complaint could be amended to allege undue influence because "one mortgagor did not know how to read or write."

Illiteracy is not a basis to declare a contract void. Illiterate adults are expected to be prudent in business transactions. (*Alfaro v. Community Housing Improvement System & Planning Assn., Inc.* (2009) 171 Cal.App.4th 1356, 1393 ["it would be prudent for an illiterate first-time homebuyer to get the help of a trusted person in reading and translating the documents seemingly essential to becoming a homeowner"].)

8

Nor is a contract void if a party is of unsound mind. Civil Code section 39 provides that a contract with "a person of unsound mind, but not entirely without understanding, made before the incapacity of the person has been judicially determined, is subject to rescission . . . ." Thus, the contract at issue here may be voidable by rescission, but it is not void.

Based on the facts alleged in this case, declaratory relief cannot be granted because an action for rescission is barred by the statute of limitations. If declaratory relief is sought based upon a written obligation and the time to commence an action for relief under that obligation is barred by the statute, the right to declaratory relief is also barred. (*Maguire, supra,* 23 Cal.2d at p. 734.) Under section 337, an action upon any contract, obligation or liability founded upon an instrument in writing must be brought within four years. For rescission of a written contract, "[t]he time begins to run from the date upon which the facts that entitle the aggrieved party to rescind occurred." (§ 337, subd. 3.)

In this case, Mr. Moore, who allegedly cannot write, executed the deed of trust in 2005 by signing the deed of trust and two riders and initialing each page of each document in legible penmanship. The first notice of default and election to sell under the deed of trust was sent in January 2007. This action was not commenced until the end of March 2011—more than six years after execution of the deed of trust and more than four years after the first notice of default and election to sell. As such, Betsy Moore's cause of action for declaratory relief based upon a claim of illiteracy or unsound mind is barred by the statute of limitations.

9

Similarly, the third claim for declaratory relief seeking a declaration that the deed of trust is subject to rescission based upon "intentional or negligent misrepresentation of material facts, or concealment thereof, at the time Kevin Charles Moore executed said deed of trust" is barred by the statute of limitations under section 337. Any claim of misrepresentation or concealment of material facts occurring at the inception of the agreement is barred. Betsy Moore has not alleged delay in discovery of the alleged misrepresentation that would toll the statute. Nor has she asserted a legal or factual basis for amendment on this issue. As such, the claim for rescission based upon misrepresentation is barred.

Betsy Moore argues in the appellant's reply brief that the statute of limitations should not bar her claim because she seeks monetary "offsets" in the form of attorney fees and that her claims could lead to compensatory or punitive damages. However, the amended complaint does not plead that Betsy Moore is entitled to offsets. Nor was this issue raised or discussed in the opening brief. As such, the issue is waived. (*Tan v. California Fed. Sav. & Loan Assn.* (1983) 140 Cal.App.3d 800, 811 [issues not raised in an appellant's brief are deemed waived or abandoned].)

Finally, the trial court did not err in sustaining the demurrer without leave to amend with respect to the request for declaratory relief regarding the enforceability of the deed of trust based upon the corporate status of BAC Home Loans Servicing, LP.

The deed of trust stated: "Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's

10

successors and assigns) has the right:  to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument."  Additionally, the deed of trust provided that the note and the security instrument could be sold without prior notice to the borrower and that such a sale might result in a change of the loan servicer.  MERS substituted ReconTrust as the trustee in place of the original lender.

Therefore, regardless of the corporate status of BAC Home Loans Servicing, LP or its successor, ReconTrust, as the trustee substituted by MERS, was authorized to initiate the foreclosure proceedings.  (Civ. Code, § 2924, subd. (a).)  "The authority to exercise all of the rights and interests of the lender necessarily includes the authority to assign the deed of trust."  (*Siliga v. Mortgage Electronic Registration Systems, Inc.* (2013) 219 Cal.App.4th 75, 84.)  There is no statutory cause of action for declaratory relief or wrongful initiation of foreclosure based upon Civil Code section 2924 et seq.  (*Robinson v. Countrywide Home Loans, Inc.* (2011) 199 Cal.App.4th 42, 46.)  Betsy Moore failed to allege facts showing prejudice as a result of any lack of authority of the parties participating in the foreclosure process.  The assignment of the deed of trust did not change Mr. Moore's obligations under the note or the fact that ReconTrust was authorized to initiate foreclosure proceedings.  As such, Betsy Moore cannot complain about any alleged lack of authority with regard to BAC Home Loan Servicing LP.  (*Siliga,* at p. 85.)  The trial court was within its discretion to refuse to make a declaration of rights under the circumstances and to sustain the demurrer without leave to amend.  (*Maguire, supra,* 23

11

Cal.2d at p. 730 [§ 1061 gives the trial court "discretion to refuse to make a binding declaration of rights and duties, including a determination of any question of . . . validity arising under a written instrument . . . 'where its declaration or determination is not necessary or proper at the time under all the circumstances' "].)

## III

### *There Is No Basis to Grant Leave to Amend*

Betsy Moore has not met her burden of establishing that she can amend her complaint to cure the defects in the complaint. She asserts in her opening brief only that "the complaint can be revised to state one or more conventional causes of action in which facts are alleged to meet the requirements of a conventional cause of action. For example, undue influence can be specifically alleged, including the fact that one mortgagor did not know how to read or write."

A plaintiff must show in what manner she can amend her complaint and how the amendment will change the legal effect of the pleading. " 'The assertion of an abstract right to amend does not satisfy this burden.' [Citation.] The plaintiff must clearly and specifically state 'the legal basis for amendment, i.e., the elements of the cause of action,' as well as the 'factual allegations that sufficiently state all required elements of that cause of action.' " (*Maxton v. Western States Metals, supra,* 203 Cal.App.4th at p. 95.) Betsy Moore did not meet this burden.

DISPOSITION

The judgment is affirmed.  Respondents are awarded their costs on appeal.


McINTYRE, J.

WE CONCUR:


HUFFMAN, Acting P. J.


HALLER, J.