[L. A. No. 24887.   In Bank.   June 27, 1958.]

WOODROW WILSON, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

Woodrow Wilson, in pro. per., for Petitioner.

Garrett H. Elmore for Respondent.

THE COURT.—This is a proceeding to review a recommendation of the Board of Governors of The State Bar that petitioner be suspended from the practice of law for one year.

In July or August 1952, Mr. Benekos employed petitioner to bring an action for the alleged wrongful death of his son. He paid petitioner $25 for costs. In April 1953 petitioner filed an action in the Superior Court of San Diego County for Mr. Benekos, after prior presentation and rejection of claims.

Two and one half years later, another attorney was substituted for petitioner. As of November 3, 1955, there had been no return of service of summons and no answer was in the file. Thereafter, an alias summons was issued upon the affidavit of the new attorney, and defendants were duly served.

In the meantime, commencing December 5, 1954, petitioner made a series of false representations to his client concerning the status of the action, supposed negotiations for settlement, and a supposed settlement offer of $9,000 by the insurance carrier. Included in these false representations was one to the effect that a check for $9,000 was being sent by the insurance carrier. On July 20, 1955, after Mr. Benekos had signed release documents prepared by petitioner, petitioner gave him his personal, nonnegotiable note for $6,464, payable 30 days from date, purportedly representing the client's share of the settlement. At this time petitioner said that if the insurance company's check did not arrive in 30 days, he would pay Mr. Benekos from his own funds. He paid nothing on the note.

The Board of Governors found that the representations were false and were made by petitioner with intent to deceive his client. Petitioner does not question the sufficiency of the evidence to support the above stated facts, but contends:

*First*: That he has been denied due process of law and a fair trial.

This contention is devoid of merit. Clearly, there is no showing by petitioner of any violation of due process. The board afforded him the opportunity to be heard and to present evidence, and petitioner declined to avail himself of the opportunity.

Petitioner urges that it is fundamental that the accused be given the opportunity to present a defense under rule 20 of the Rules of Procedure of The State Bar of California. This contention is correct. However, the record discloses that there were various hearings and continuances, some of the continuances having been granted at the request of petitioner. Finally, the matter was heard on January 3, 1957, but after some discussion, petitioner stated that he was withdrawing from the hearing and left the room.

*Second*: That The State Bar is without jurisdiction of the matter for the reason that petitioner was not given a reasonable opportunity to examine certain records in the possession of The State Bar in accordance with rule 8 of the Rules of Procedure of The State Bar of California.

This contention is entirely devoid of merit. At the April 1957 board meeting, petitioner made certain contentions, claiming they would be supported by records of The State Bar which he had not examined. Thereupon, the board recessed, and the meeting was continued, the president of the board announcing the following action: ''The Board has determined to continue this matter until June. During that time you have an opportunity to inspect the record [transcript] which was handed you today. . . . At that time the Board intends to proceed on the merits. *In the meantime, we will instruct Mr. Scharnikow to permit you to inspect the records that are in his possession,* and you will be notified by letter as to the exact time and place. At that time the Board will expect to consider the matter on the merits.'' (Italics added.)

It is obvious from the last sentence of the president's announcement quoted above that his statement that petitioner would be notified by letter ''as to the exact time and place'' referred to the time and place of the continued meeting.

Clearly, petitioner was afforded every opportunity to examine the records, and it appears from evidence before the board that he did not avail himself thereof.

*Third*: That there was a material variance between the notice to show cause and the findings of fact, conclusions and recommendation.

This contention is likewise unsound. Petitioner has not directed our attention to any offense included in the findings of which he was not informed in the notice to show cause served upon him.

The record discloses that the findings are in accord with

the charges outlined against petitioner in the notice to show cause.

It is ordered that petitioner be suspended from the practice of law in this state for a period of one year commencing 30 days after the date of filing of this order.