Filed 3/25/14  Johnson v. Co. of San Diego CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| DARNELL JOHNSON, | D063706 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2012-00099392-CU-WT-CTL) |
| COUNTY OF SAN DIEGO, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, Randa Trapp, Judge.  Affirmed.

Darnell Johnson, in pro. per., for Plaintiff and Appellant.

Thomas E. Montgomery, County Counsel, and William H. Songer, Senior Deputy County Counsel, for Defendant and Respondent.

INTRODUCTION

Darnell Johnson, an employee of the County of San Diego (the County), was

offered the option to resign or be terminated from his position as a building maintenance

engineer after he was convicted of a felony for possession of stolen property and unlawful possession of firearms. He resigned. Johnson appeals a judgment after the court sustained without leave to amend the County's demurrer to Johnson's second amended complaint (SAC) for a writ of mandate in which Johnson asked the court to direct the County to provide him with "an administrative hearing process." The court ruled the County of San Diego Civil Service Rules (Civil Service Rules)[1] do not provide an administrative appeal for an employee who resigns. We affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND[2]

A

Johnson began working for the County in 2000 as a construction and service worker and was later promoted to the position of building maintenance engineer in 2005.

---

[1]     Further rule references are to the Civil Service Rules.

[2]     In reviewing an order sustaining a demurrer, "[w]e treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed." (*Serrano v. Priest* (1971) 5 Cal.3d 584, 591.) The trial court granted the County's unopposed request for judicial notice of (1) an excerpt from the Charter of the County of San Diego (Charter), (2) an excerpt from the Civil Service Rules, (3) a letter dated August 23, 2011 from Johnson's union to the County of San Diego Civil Service Commission (Commission) and (4) a letter dated September 22, 2011 from Johnson's union to the Commission. Since Johnson did not oppose the request for judicial notice below and on appeal does not take issue with the propriety of the court's order granting judicial notice of the letters, we consider them pursuant to Evidence Code sections 452, subdivision (h) and 459, subdivision (a). (See *Scott v. JPMorgan Chase Bank* (2013) 214 Cal.App.4th 743, 753 [judicial notice of agreement is proper where plaintiff did not question authenticity].) Accordingly, we derive the facts from the operative complaint and the judicially noticed material.

2

Johnson pleaded no contest in 2003 to a charge of assault with a deadly weapon and was convicted of a felony, which was later reduced to a misdemeanor for probation compliance. He was arrested in a County building and he disclosed the conviction to his supervisor. The County took no disciplinary action against him at that time.

In May 2011, Johnson pleaded guilty to felony charges of possession of stolen property and unlawful possession of firearms, which included two pistols and a .22-caliber rifle.

After disclosing the new criminal conviction to his employer, Johnson alleges his supervisor "threatened" him to sign a written resignation. He was told, "his only options were to sign the resignation or suffer immediate termination." He also alleges his supervisor said if he did not sign the written resignation, the supervisor would "see to it" Johnson "never obtain[ed] another job again anywhere." Johnson signed the resignation, but alleges he did so "under duress."

A few days later, Johnson submitted a written request to rescind his resignation. He also filed grievance papers with his union.

The union sent a letter on Johnson's behalf to the Commission requesting an investigation, under the Civil Service Rules, of due process violations surrounding the issuance and signing of the letter of resignation. He requested an investigation and reinstatement to his position. He also asserted, "any actions against him should be conducted in accordance with due process rules . . . ."

A month later, however, the union sent a second letter withdrawing the request, stating Johnson did not wish to pursue the case. Johnson alleges "[i]n spite of the efforts

3

of the [Service Employees International Union]," the County did not approve rescission of his resignation.

B

Nine months after withdrawing the request for investigation, Johnson sued the County asserting in his original complaint causes of action for wrongful termination, fraud and coercion. He then filed a first amended complaint (FAC) alleging causes of action for injunctive relief to rescind the "false contract for resignation," unpaid wages, fraudulent conveyance, extortion of signature and writ of mandate under Code of Civil Procedure section 1085 asking the court to compel the County to provide "an administrative hearing process."

The County demurred to all causes of action in the FAC. The County argued the cause of action for writ of mandate was uncertain and failed to sufficiently state a cause of action for writ relief, but leave to amend this cause of action should be granted. The County argued the FAC did not plead the County denied Johnson's request for a service it had a legal duty to provide. It suggested Johnson might argue the County had a ministerial duty to rescind his resignation upon his request and the failure to do so was arbitrary, capricious or entirely lacking in evidentiary support. It also speculated that Johnson could argue the County had a ministerial duty to grant him a hearing afforded by rule VII and that the failure to do so was arbitrary, capricious or entirely lacking in

evidentiary support. The County argued it was extremely unlikely that Johnson could plead a viable writ petition, but stated he should be granted leave to amend.[3]

In opposition, Johnson argued he was entitled to a hearing and that one was not provided. He further argued it is not his "obligation to write a hearing process for [the County]."

The court sustained the County's demurrer to the FAC as to all causes of action, but granted leave to amend for the writ of mandate. The order stated the cause of action for writ of mandate failed because Johnson had not alleged facts showing "(1) a clear, present duty upon the part of the respondent and (2) a clear, present, and beneficial right in the petitioner to the performance of that duty."

Johnson's SAC asserted a sole cause of action for writ of mandate with factual allegations identical to those alleged in the prior complaints. The County again demurred arguing Johnson cannot state a claim for a traditional writ of mandate under Code of Civil Procedure section 1085 because the County has no duty to offer an administrative hearing to an employee who resigns. The County argued the Civil Service Rules only provide a right for an employee who has been "reduced in compensation, suspended, demoted or removed" to appeal to the Commission.

---

[3]     On appeal, Johnson challenges only the denial of his writ of mandate seeking an administrative hearing. Therefore, we limit our discussion of the procedural background to that issue.

5

After hearing oral argument, the court sustained the demurrer without leave to amend, finding the Civil Service Rules do not provide an appeal right for an employee who has resigned.

## DISCUSSION

### I

### *Standard of Review*

On appeal from a judgment after a demurrer is sustained without leave to amend, we review the order de novo and exercise our independent judgment on whether the complaint states a cause of action as a matter of law. (*Lincoln Property Co., N.C., Inc. v. Travelers Indemnity Co.* (2006) 137 Cal.App.4th 905, 911.) We assume the truth of all properly pleaded facts, as well as facts inferred from the pleadings and those of which judicial notice may be taken. (*Howard Jarvis Taxpayers Assn. v. City of La Habra* (2001) 25 Cal.4th 809, 814.) Further, "we give the complaint a reasonable interpretation, reading it in context." (*Campbell v. Regents of University of California* (2005) 35 Cal.4th 311, 320.) " ' "[W]e may affirm a trial court judgment on any basis presented by the record whether or not relied upon by the trial court." ' " (*Maystruk v. Infinity Ins. Co.* (2009) 175 Cal.App.4th 881, 887.)

"If we see a reasonable possibility that the plaintiff could cure the defect by amendment, then we conclude that the trial court abused its discretion in denying leave to amend. If we determine otherwise, then we conclude it did not." (*Campbell v. Regents of University of California, supra,* 35 Cal.4th at p. 320.) " 'The burden of proving such

6

reasonable possibility is squarely on the plaintiff.' " (*Maxton v. Western States Metals* (2012) 203 Cal.App.4th 81, 95.)

We review due process challenges to procedural matters de novo because they present pure questions of law. (*Brown v. City of Los Angeles* (2002) 102 Cal.App.4th 155, 168.) Since the same rules of construction and interpretation that apply to statutes govern the construction and interpretation of rules and regulations of administrative agencies, we apply a de novo standard of review for interpretation of civil service rules. (*Head v. Civil Service Com.* (1996) 50 Cal.App.4th 240, 243-244.)

II

A

*Requirements for Writ of Mandate*

"A court may issue a writ of mandate to compel a public agency or officer to perform a mandatory duty. (Code Civ. Proc., § 1085; *City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 868.) A writ of mandate is available only if the respondent has a clear, present, and usually ministerial duty and the petitioner has a clear, present, and beneficial interest in the performance of that duty." (*City of Fillmore v. Board of Equalization* (2011) 194 Cal.App.4th 716, 734.)

A ministerial duty is an act that must be performed in a prescribed manner according to the mandate of legal authority without the exercise of discretion or judgment. (*Kavanaugh v. West Sonoma County Union High School Dist*. (2003) 29 Cal.4th 911, 916.) "While mandamus will not lie to control an exercise of discretion, i.e. to compel an official to exercise discretion in a particular manner, mandamus may issue

7

to compel an official both to exercise his or her discretion (if he or she is required by law to do so) and to exercise it under a proper interpretation of the applicable law." (*California Assn. for Health Services at Home v. State Dept. of Health Care Services* (2012) 204 Cal.App.4th 676, 683.)

B

*Johnson is Not Entitled to Writ of Mandate*

Johnson argues the court erred in denying his request for a writ of mandate because he resigned. He asserts there "must be a process by which an employee may challenge the signature on a resignation, whether as a forgery, or as the product of wrongful or illegal duress." To evaluate Johnson's claim, we review the Charter and the Civil Service Rules.

Employment with the County of San Diego exists solely by virtue of a personnel system created by the Charter. (Charter, art. IX, § 900.)[4] Although the personnel director administers the personnel system, the Commission shares broad plenary responsibility for protecting the merit basis of that system. (§ 904.)

County employment is divided into classified and unclassified services. (§ 908.) The Commission is responsible for all aspects of County employment in the classified service, including review and modification of civil service rules. (§§ 904.3, 910, 910.1.)

The Commission's investigative power extends to "the conduct and operations of all departments," and in this regard, "the Commission may make any necessary orders,

---

4      All further section references are to the article IX of the Charter unless otherwise indicated.

8

including, but not limited to, back pay and classification adjustments, to carry out the provisions of the Charter and the Civil Service Rules." (§§ 907, 907.1.) It also serves as the "administrative appeals body for the County in personnel matters authorized by the [Charter]." (Rule I, § 1.1.1(b).)

The Civil Service Rules provide an appeal and a hearing process for classified employees who are "reduced in compensation, suspended, demoted or removed." (Rule VII, §§ 7.4, 7.6.) Removal is defined as the "involuntary termination of an employee from a position and from the classified service in accordance with Rule VII." (Rule XVII, § 17.1.1.)

If an employee wishes to resign in good standing, the rules require the employee to file a written resignation. An employee may rescind a written resignation by submitting a request to rescind in writing prior to the last day of employment, which the director may grant or deny after investigation. (Rule XIV, § 14.2.1.) Resignation is defined as "[v]oluntary separation of an employee from County Service." (Rule XVII, § 17.1.1.)

Section 901 of the Charter requires the County to "hire, transfer, promote, discipline or dismiss individuals on the basis of job related qualification, merit and equal opportunity without regard to age, color, creed, disability, national origin, political affiliation, race, religion, sex, sexual orientation or any other non-job related factor, including but not limited to retaliation based on protected activity." (Rule VI, § 6.1.1.) An employee who claims he or she has been subjected to discrimination or other mistreatment may file a complaint within 60 days of the alleged improper practice.

9

(Rule VI, § 6.1.2.) Thereafter, the Office of Internal Affairs (OIA) must investigate and, if it finds probable cause for violation of the Charter, and the remedy requested is not within the jurisdiction of the OIA or the Chief Administrative Office, the Commission must conduct a hearing in accordance with prescribed rules and render a decision. (Rule VI, §§ 6.1.3-6.1.13.)

In addition to these provisions, the rules provide that the Commission "may in its discretion upon the request of any individual or on its own initiative, investigate, either as a group or as individuals, the conduct and operations of any department." (Rule XI, § 11.1.) The Commission is granted authority to administer oaths, subpoena witnesses and materials and to made findings and a proposed decision, which include any necessary orders. (Rule XI, §§ 11.1-11.5.)

After consideration of the Civil Service Rules as a whole, we conclude the court did not err in determining the Civil Service Rules do not require the County to provide a hearing to an employee who resigned.

Johnson received a felony conviction for possession of stolen property and unlawful possession of firearms. Johnson admits the County may remove an employee for theft. According to the rules, Johnson's conviction provided sufficient cause for discipline, including removal. (See rule VII, § 7.2, subd. (d) [employee guilty of dishonesty], subd. (k) [employee convicted of a criminal offense involving moral turpitude], subd. (r) [employee guilty of a failure of good behavior], & subd. (s) [employee guilty of any act incompatible with or inimical to public service].)

10

After learning about the conviction, the County offered Johnson the option to resign or to be removed. If Johnson had chosen removal, the Civil Service Rules would have provided him with the attendant administrative processes, including the right to a hearing and judicial review pursuant to Code of Civil Procedure section 1094.5. (Rule VII, §§ 7.2.1-7.13.) He did not choose this option. Instead, he resigned. As pointed out by the County, employees often choose to resign to avoid the stigma attached to being fired. This is a reasonable choice.

Assuming, as we must, that Johnson's resignation was obtained under undue pressure, Johnson had alternative remedies as provided by the Civil Service Rules. While the rules do not provide a mandatory administrative hearing process to challenge a resignation, they allow an employee who resigns to submit a request to rescind a written resignation. (Rule XIV, § 14.2.1.) Johnson submitted a request for rescission, but it was not accepted. The County is not required to accept the request to rescind and the rules do not require a hearing regarding rescission of a resignation.

Another option available to employees who feel they have been improperly disciplined or retaliated against is to file a complaint and request an investigation under either rule VI or rule XI. Johnson initiated a complaint and requested an investigation under rule XI regarding the circumstances surrounding his resignation. He asserted the County circumvented the process of instituting discipline under the rules and violated the County's own policies. However, Johnson then withdrew his complaint. An employee who does not avail himself of established remedies does not establish a violation of due process. (See *Wilson v. State Bar of California* (1958) 50 Cal.2d 509, 510 [petitioner

11

does not establish a violation of due process when he declined to avail himself of the opportunity to be heard and to present evidence]; *Garamendi v. Golden Eagle Ins. Co.* (2004) 116 Cal.App.4th 694, 706, fn. 4 ["Due process demands only that litigants have the *opportunity* to be heard, not that they avail themselves of that opportunity"].)

Under the circumstances, we cannot conclude the County failed to perform a ministerial duty it was required by law to perform. Johnson failed to allege a clear, present, and ministerial duty on the part of the County to provide him with a hearing to challenge his resignation. Nor has Johnson alleged he has a clear, present, and beneficial interest in the performance of any such duty. (*Excelsior College v. Board of Registered Nursing* (2006) 136 Cal.App.4th 1218, 1237-1238.)

Further, Johnson's opening brief does not show a reasonable possibility he could amend his complaint to allege facts entitling him to a writ of mandate. On appeal, a plaintiff must show in what manner the complaint can be amended and how the amendment will change the legal effect of the pleading. " 'The assertion of an abstract right to amend does not satisfy this burden.' [Citation.] The plaintiff must clearly and specifically state 'the legal basis for amendment, i.e., the elements of the cause of action,' as well as the 'factual allegations that sufficiently state all required elements of that cause of action.' " (*Maxton, supra,* 203 Cal.App.4th at p. 95.) No such showing is made here.

DISPOSITION

The judgment is affirmed.  Respondent is awarded costs on appeal.


McCONNELL, P. J.

WE CONCUR:


NARES, J.


AARON, J.